*Wilson, Morton & Downs, Fred L. Cavalli, Michael R. Granims,*
for appellee.

━━━━━

S13Y0323, S13Y0324, S13Y0765. IN THE MATTER OF JOHN
R. WALL (three cases).
(742 SE2d 726)

PER CURIAM.

These disciplinary matters are before the Court on three Notices
of Discipline seeking the disbarment of John R. Wall (State Bar No.
142638) for his abandonment of separate matters involving three
clients. Wall, who was admitted to the Bar in 1988, is currently under
an interim suspension for his failure to respond to the Notice of
Investigation involving a fourth client, *In the Matter of Wall,* S12Y1561
(June 19, 2012).

In the three cases pending before this Court, the State Bar
attempted to personally serve the Notices of Discipline on Wall at the
address listed with the State Bar, but the sheriff filed returns of
service non est inventus. The State Bar then properly served Wall by
publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Wall failed to file
a Notice of Rejection to any of the Notices of Discipline. Therefore, he
is in default, has waived his rights to an evidentiary hearing, and is
subject to discipline and further proceedings as may be determined by
this Court. See Bar Rule 4-208.1 (b). The facts are deemed admitted
by virtue of Wall's default.

In S13Y0324, the facts show that a client retained Wall in early
2011 to file a divorce action for her and paid him an initial retainer of
$750; he filed a petition for divorce and negotiated temporary spousal
support for her. In April 2011, the client paid Wall an additional
$2,202 for work previously done. In August, in response to Wall's
request, the client provided him with dates she would be available for
her deposition. Between September and November 2011, the client
communicated regularly with Wall who told her that he had served
discovery and had not heard back from her husband's lawyer about
her deposition. In October 2011, Wall asked for an additional $1,500
for work he expected to do in responding to discovery requests and in
selecting a custody evaluator. In December 2011, the client learned
from her husband that she had missed her deposition; she tried to
contact Wall and was unable to communicate with him. Through the
court's online docket, the client learned that Wall had never filed the
spousal support and visitation agreement required to obtain an order,
her husband had served discovery in August and filed motions to

compel and for sanctions against her, and Wall had not served any discovery on her husband. Wall had not informed her of any of these matters and failed to communicate with her when she tried to contact him about these issues.

With regard to Case No. S13Y0324, the facts show that a client retained Wall in February 2011 and paid him $956 to file a divorce action. Wall failed to communicate with the client for significant periods of time, but finally filed the divorce petition in May 2011. After that, Wall completely failed to communicate with the client, despite the client attempting to communicate with Wall on numerous occasions.

With regard to Case No. S13Y0765, the facts show that in October 2011 a client retained Wall to provide representation in a divorce action. The client paid Wall $1,700, but Wall failed to take any action on the client's behalf, failed to return the client's phone calls, and failed to communicate with the client in any way. Although Wall was properly served with the Notices of Investigation in connection with all three cases, he failed to file sworn, written responses as required by Bar Rule 4-204.3.

Based on these facts, the Investigative Panel found probable cause to believe that Wall violated Rules 1.2 (a), 1.3, 1.4, 1.5, 3.2, 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2 (a), 1.3, and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.5, 3.2, and 9.3 is a public reprimand. In aggravation of discipline, we agree with the Investigative Panel's findings that Wall acted willfully and dishonestly in accepting a fee, then abandoning the clients' legal matters, and that he acted with a selfish motive.

Having reviewed the records, we conclude that disbarment is the appropriate sanction in these matters. Accordingly, it is hereby ordered that the name of John R. Wall be removed from the rolls of persons authorized to practice law in the State of Georgia. Wall is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MAY 6, 2013.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.